CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 19 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

REUBEN CHARLES JONES,

    Plaintiff,

v.

S. K. WASILESKI, ET AL.,

    Defendants.

Case No. 7:09CV00032

**MEMORANDUM OPINION**

By: Glen E. Conrad
United States District Judge

Plaintiff Reuben Charles Jones, a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Jones alleges that police officers and magistrates in the City of Roanoke violated his First and Fourth Amendment rights when they arrested him without probable cause for holding a religious sign.[1] Upon consideration of the complaint, the court finds that Jones' claims against the city magistrates must be dismissed on grounds of judicial immunity, pursuant to 28 U.S.C. § 1915A(b),[2] his claims against the other defendant police officers will go forward.

## Background

Jones alleges the following sequence of events on which he bases his claims. In the spring of 2007, Jones was homeless, living at the Rescue Mission in Roanoke, Virginia. On May 12, 2007,

---

[1] Jones names the following individuals as defendants: Joe Gaskin, Roanoke City Police Chief; S. K. Wasileski, K. P. Malloch, M. E. Thompson, J. B. Wilburn, and T.L. Person, Roanoke City Police Officers; and Larry Thomas Black and M. Warren, Roanoke City Magistrates.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

Jones was standing on the side of a public road in Roanoke, holding a sign that read, "If Jesus was right here would you help him? God bless you." Roanoke City Police Officer S. K. Wasileski drove up and said to Jones, "You cannot be out here begging for money. I am taking you to jail." He then cuffed Jones and put him in the police car, drove to the Roanoke City Jail, and took Jones into the city magistrate's office. The officer told the magistrate that he had arrested Jones for begging for money and showed him the sign Jones had been holding. The magistrate, the Hon. Larry Black, asked Jones several questions. Then, based on the officer's statement, the magistrate set a secured bond amount for Jones and sent him to jail. The next day at his arraignment, the Roanoke City General District Court Judge released Jones on his own recognizance and set a trial date for the charge of "soliciting for contributions or donations of money or anything of value," in violation of Roanoke City Code § 21-44.1(b).[3] At trial, Jones' defense counsel argued that Jones' sign did not ask for contributions of money, and the officer testified only that he had witnessed Jones holding the sign. The judge found Jones not guilty of violating the ordinance.

On January 19, 2008, Jones was once again standing beside a public road in Roanoke, holding his sign that read, "If Jesus was right here would you help him? God bless you." Officer T. L. Pearson arrested Jones for violating Roanoke City Code § 21-44.1. Magistrate Larry Black

---

[3] This section provides, among other things, that "it shall be unlawful for any person to solicit money or other things of value, or to solicit the sale of goods or services . . . [f]rom any operator or passenger of a motor vehicle that is in traffic on a public street . . . [or] [w]hile standing on or going into any street or highway, including medians, on ramps and exit ramps." § 21-44.1(b). The ordinance also includes the following definition:
> Solicit means to request an immediate donation of money or other thing of value from another person, regardless of the solicitor's purpose or intended use of the money or other thing of value. The solicitation may be, without limitation, by the spoken, written, or printed word, or by other means of communication.

§ 21-44.1(a)(1).

- 2 -

again set bail and sent Jones to jail. This time the General District Judge did not release Jones on his own recognizance, and he was detained pending trial. At trial, he was once again found not guilty of violating the ordinance.

On March 22 and April 8, 2008, Roanoke City Police Officers P. K. Malloch and J. B. Wilburn, respectively, arrested Jones on a charge of violating § 21-44.1 for standing beside a road holding his sign. Roanoke City Magistrate Warren set bail and sent Jones to jail on March 22, 2008. At trial on each of these charges, the judge found Jones not guilty of violating the ordinance. On July 4, 2008, Roanoke City Police Officer M. E. Thompson arrested Jones on a charge of soliciting after finding him standing beside the road holding his sign. Once again, the trial judge found Jones not guilty of violating the ordinance.

Jones states that he is currently incarcerated on convictions for statutory burglary and grand larceny, charges completely unrelated to the charges for solicitation that are the subject of his lawsuit. Jones claims that he has been arrested 100 times by Roanoke City police officers for holding his sign beside the road, making a religious statement that he has a First Amendment right to make. Jones alleges that the arresting officers have ignored his attempts to explain that based on the wording of his sign, he has been found not guilty of violating the ordinance against soliciting. In 2005, Jones filed a complaint with the Roanoke City Police Department's Internal Affairs office, alleging that Officer Hedrick used excessive force in arresting Jones for soliciting. Police Chief Joe Gaskins responded to Jones' appeal in that case, and was made aware of the fact that officers had been arresting Jones for soliciting.

## Discussion

As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity. Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987); Timmerman v. Brown, 528 F.2d 811 (4th Cir.1975). Under this doctrine, the defendant magistrates in Jones' case are entitled to judicial immunity. Jones alleges that each of these defendants violated his rights in making decisions concerning bail and probable cause for detention, and such decisions fall squarely within the judicial responsibilities of a magistrate. Moreover, Jones seeks only monetary relief against the defendants. Accordingly, the magistrates have immunity, and the court will dismiss Jones' claims against them, pursuant to § 1915A(b)(2).

The court will not dismiss Jones' claims against the Police Chief and his officers named as defendants, pursuant to § 1915A(b)(1). First, the court finds that Jones has alleged facts sufficient to state possible constitutional claims against these defendants. See, e.g., Reeves v. City of Jackson, Miss., 608 F.2d 644, 650 (4th Cir. 1979) (finding that "warrantless and malicious arrest based on no probable cause violates liberty, and hence section 1983"). Second, police officers do not enjoy absolute immunity for actions taken in the course of their duties. They may be entitled to qualified immunity, if they can demonstrate that "their conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, such a defense is not established on the facts as alleged at this stage of the litigation, when plaintiff's allegations must be taken in the light most favorable to him. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (to state claim, allegations in complaint must be sufficient, when taken in light most favorable to plaintiff, to raise a right to

- 4 -

relief above the speculative level and have "enough facts to state a claim to relief that is plausible on its face.").

## Conclusion

For the stated reasons, the court concludes that claims against the magistrates named as defendants must be dismissed, pursuant to § 1915A(b)(1), on the ground of judicial immunity. However, by separate order, the court will direct the clerk to attempt service of process in the usual manner upon the remaining defendants.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of March, 2009.

_____
United States District Judge

Case 7:09-cv-00032-GEC-mfu Document 12 Filed 03/19/09 Page 5 of 5 Pageid#: 67