CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 17 2009

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| REUBEN CHARLES JONES, ) | Case No. 7:09CV00032 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| S. K. WASILESKI, ET AL., ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Reuben Charles Jones, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Jones alleges that he has been arrested without probable cause on numerous occasions, in violation of his First and Fourth Amendment rights, for holding up the same religious sign. The defendants, employees of the Roanoke City Police Department ("RCPD"), filed a motion to dismiss,[1] and Jones responded, making the matter ripe for decision. Jones has also filed a motion for interlocutory injunctive relief, to which defendants have responded. Upon review of the record, the court finds that both motions must be denied.

## Background

In its previous memorandum opinion, the court summarized the sequence of alleged events on which Jones bases his claims under § 1983 and will here offer only a brief synopsis. On May 12, 2007, and January 19, March 22, April 8, and July 4, 2008, Jones stood on the side of a public road in the city of Roanoke, holding a sign that read, "If Jesus was right here would you help him? God bless you." On each occasion, one of the defendants arrested Jones for violating Roanoke City Code § 21-44.1, the city's aggressive solicitation ordinance. In each

---

[1] By previous opinion and order entered March 19, 2009, pursuant to 28 U.S.C. § 1915A(b), the court dismissed plaintiff's claims against other defendants, who were magistrates in the City of Roanoke, on grounds of judicial immunity. At that time, however, the court determined that plaintiff had alleged facts surviving dismissal under § 1915A(b).

case, Jones was jailed and bound over for trial by the magistrate, only to have the General District Court Judge find him not guilty of violating Code § 21-44.1(b), based on the wording of his sign and his behavior.[2]

Jones admits that he has been arrested 100 times by RCPD officers for holding up his sign, making a religious statement as is his right under the First Amendment. Officers allegedly ignore Jones' attempts to explain that courts have found the language of his sign to be nonviolative of Code § 21-44.1. In 2005, Jones filed a complaint with the RCPD Internal Affairs Office, alleging that an officer not named in this lawsuit had used excessive force in arresting him for aggressive solicitation. Defendant Gaskins, who was then Chief of Police, allegedly responded to Jones' appeal in that case.

Defendants argue in their motion to dismiss that they are entitled to qualified immunity, based on the many times Jones has been arrested and convicted for aggressive solicitation. They assert that based on the prior cases against him, they reasonably believed that they had probable cause to arrest him under the same statute and were not violating his First Amendment rights by doing so.

## Discussion

### A. Motion to Dismiss

A motion to dismiss tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While the complaint need not provide detailed factual allegations, plaintiff's allegations must state "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. Taking the allegations in the light most favorable to the plaintiff, they "must be enough to raise a right to relief above the speculative level." Id.

---

[2] Jones states that he is currently incarcerated on unrelated charges.

- 2 -

Case 7:09-cv-00032-GEC-mfu Document 54 Filed 07/17/09 Page 2 of 7 Pageid#: 194

Roanoke's aggressive solicitation ordinance, Code § 21-44.1, provides, among other things, that

> it shall be unlawful for any person to solicit money or other things of value, or to solicit the sale of goods or services . . . in an aggressive manner in a public area [or] [f]rom any operator or passenger of a motor vehicle that is in traffic on a public street . . . [or] [w]hile standing on or going into any street or highway, including medians, on ramps and exit ramps.

§ 21-44.1(b)(1), (5), and (6). Subsection § 21-44.1(a) defines the terms of the statute.

> Solicit means to request an immediate donation of money or other thing of value from another person, regardless of the solicitor's purpose or intended use of the money or other thing of value. The solicitation may be, without limitation, by the spoken, written, or printed word, or by other means of communication.

§ 21-44.1(a)(1). "Aggressive manner" is defined in part as "making any physical contact with or touching" a person without consent during solicitation, approaching or following a person while soliciting in a way likely to frighten or intimidate the person, or "blocking the safe or free passage of the person" or driver being solicited. § 21-44.1(a)(2).

State officials are entitled to qualified immunity against suits for damages if a reasonable officer facing the same situation would not have known that his actions violated plaintiff's clearly established constitutional right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Determining whether an officer is entitled to qualified immunity requires the court to decide two questions: (1) whether plaintiff's alleged facts state the elements of a constitutional claim and (2) whether that constitutional right was clearly established at the time of the officer's alleged misconduct. Pearson v. Callahan, 555 U.S. ___, ___,129 S. Ct. 808, 816-17 (2009). If the answer to either of these questions favors the defendant, he is entitled to qualified immunity against the lawsuit. Id. When resolution of the qualified immunity question and the case itself both depend upon a determination of what actually happened, summary judgment on grounds of qualified immunity is not proper. Buonocore v. Harris, 65 F.3d 347, 359 (4th Cir. 1995).

The court has already determined that Jones has alleged facts stating possible constitutional claims under the First and Fourth Amendments. More specifically, the court reads Jones' complaint as alleging that in the last eighteen months or so, he has been repeatedly

arrested for the same or very similar behavior that the trial court later found, in each case, to be insufficient to support a conviction for violating Code § 21-44.1, the aggressive solicitation ordinance. If Jones is able to demonstrate that all of his recent arrests have followed this pattern, he may also be able to show that after some point, the defendants could not reasonably have believed that continued arrests for this behavior were supported by probable cause under Code § 21-44.1. Accordingly, as to defendants' assertions that the complaint fails to state any possible claim for relief, the motion to dismiss will be denied.

Defendants also argue that they are entitled to qualified immunity against Jones' claims that his arrests for aggressive solicitation violated his First Amendment rights, because he had been arrested and convicted under the same ordinance many times in the past, before the incidents about which he now complains. In support of this argument, they offer four arrest warrants issued against Jones in 2004 for violating the aggressive solicitation statute. The warrants indicate that Jones pleaded guilty or was found guilty in each of these cases. These excerpts from plaintiff's criminal record do not provide a sufficiently complete chronology of Jones' more recent arrests to permit the conclusion that his overall record supported a reasonable belief that the arrests of which he complains were lawful. From the record at hand, for example, the court cannot determine whether Jones had been arrested and convicted of violating Code § 21-44.1(b) in the months immediately preceding the five incidents of which he complains in this lawsuit. It is also impossible to determine whether all of plaintiff's arrests have been under the same subsection of the ordinance. If, for example, the defendants knew that four or five more recent charges had been dismissed by the general district court, they could not reasonably rely on much earlier convictions in asserting their good faith.[3] Therefore, the court concludes that as to the defense of qualified immunity against Jones' claims for monetary damages, the motion to dismiss will be taken under advisement, pending further development of the record.

---

[3] Jones contends that he pled guilty in a number of earlier cases because, based on the language of the warrants, he believed that he was charged only with solicitation. He maintains that he has only recently learned that the police are charging him under the "aggressive solicitation" ordinance.

- 4 -

Defendants separately argue that all claims against Chief Gaskins should be dismissed, because Jones does not allege facts indicating that he was personally involved in, or aware of, any of the arrests that are the subject of this lawsuit. As stated, Jones does allege that through an administrative complaint, Gaskins was aware of an incident in 2005 when Jones was arrested for violating Code § 21-44.1. He also alleges that Gaskins, as a supervisory official at the RCPD, is responsible for training police officers in carrying out their duties, including arrests. With his response to the motion to dismiss, Jones presents evidence that Gaskins was subpoenaed as a witness in another case, brought by Robert Richards in the Roanoke City General District Court, alleging wrongful arrest for aggressive solicitation under Roanoke's ordinance; Richards' case was ultimately dismissed in 2003 in the Roanoke City Circuit Court. Based on Gaskins' participation in this case similar to Jones' current case, Jones asserts that Gaskins was aware of the problem of individuals being arrested under Code § 21-44.1 for behavior that did not make them guilty of violating that code section.[4]

Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Taking Jones' evidence in the light most favorable to him, the court finds it more than speculative that Jones may be able to persuade a fact finder that Chief Gaskins knew about the problem of arrests being made for behavior that did not violate Code § 21-44.1, but either formulated a policy to allow such arrests or failed to formulate a policy to prevent them. The court will, therefore, deny the motion to dismiss as to Chief Gaskins.

### B. Motion for Interlocutory Injunctive Relief

Jones has filed what he styled as a "Mandatory Injunction." He points out that Roanoke has no ordinance prohibiting mere "solicitation," and that Code § 21-44.1 prohibits only

---

[4] Because Jones is proceeding pro se, the court will construe this aspect of his response as a motion to amend his complaint, which is granted.

"aggressive solicitation," as evidenced by the title of the code section. The arrest warrants in the record, however, do not indicate a charge of "aggressive solicitation." Rather, the warrants state the citation of the ordinance, Code § 21-44.1, and that the accused "engaged in prohibited conduct in soliciting a contribution or donation of money or anything of value." Jones argues that a reasonable person who is served with such a warrant would read the charging language as defining the behavior for which he could be arrested under Code § 21-44.1, when, in fact, a conviction under this code also requires a showing of aggressiveness. Therefore, he asserts, the charging language is "evasive, misleading, and deceptive." He moves for an injunction that would: (1) direct RCPD officers to include the "aggressive" element of the charge on any arrest warrant charging a violation of § 21-44.1; (2) direct Roanoke City magistrates to inform people charged with violating § 21-44.1 that the charge is not merely for "solicitation"; and (3) direct the Roanoke City General District Court to change the plaintiff's past "guilty" pleas to violations of this code section to "not guilty" pleas, because he was misled into believing he was guilty based on the charging language on the arrest warrants.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991).[5]

---

[5] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. As it is clear from the outset that petitioner is not entitled to a preliminary injunction and as the defendants have responded to plaintiff's motion, the court finds no basis upon which to grant him a temporary restraining order.

-6-

Under these principles, the court cannot find that Jones is entitled to a preliminary injunction as requested. First, he is now in jail and will continue to be incarcerated for several months, according to his own allegations. As such, he stands no risk of being wrongfully arrested of violating § 21-44.1 at any time in the near future. Moreover, he fails to allege facts indicating how his past guilty pleas to violations of the code section place him in any immediate danger of suffering irreparable harm now. Thus, Jones cannot demonstrate the necessary element of immediate and irreparable harm in the absence of interlocutory relief.

Second, Jones has not shown a substantial likelihood of success on his apparent claim that the language routinely used on arrest warrants for violations of § 21-44.1 is impermissibly vague. The warrants presented as exhibits in this case cite the code section as part of the charge. An individual served with such an arrest warrant thus receives reasonable notice of the nature of the charge and may personally investigate its elements by reading the code section before deciding to plead guilty to a violation of that ordinance.

For the stated reasons, the court will deny Jones' motion for interlocutory injunctive relief. The court will, however, construe Jones' motion as seeking to amend his complaint to include a claim for general injunctive and/or declaratory relief regarding police practices in enforcing the aggressive solicitation ordinance.

## Conclusion

For the stated reasons, the court concludes that the motion to dismiss based on the alleged insufficiency of the complaint must be denied, but the motion will be taken under advisement as to the defendants' assertion of qualified immunity, pending further development of the record. The court will deny plaintiff's motion for interlocutory injunctive relief. An appropriate order will issue this day.

ENTER: This 17th day of July, 2009.

United States District Judge